**The Honorable Marsha Pechman**

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DOKOOZIAN CONSTRUCTION, LLC, an Alaskan corporation,<br><br>Plaintiff,<br><br>vs.<br><br>EXECUTIVE RISK SPECIALTY INSURANCE COMPANY, a foreign insurance company; COLONY INSURANCE COMPANY, a foreign insurance company; and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a foreign insurance company,<br><br>Defendants. | NO. 2:15-cv-00703-MJP<br><br>DEFENDANT COLONY'S RULE 12(b)(2)-(3) MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE OR IN THE ALTERNATIVE TRANSFER TO THE PROPER VENUE DISTRICT<br><br>**Clerk's Action Required**<br><br>**Note on Motion Calendar:**<br>**June 26, 2015** |

## I.   INTRODUCTION AND RELIEF REQUESTED

Colony Insurance Company is a Virginia corporation with Virginia being its principal place of business.  Suit was brought against Colony Insurance Company ("Colony") by Dokoozian Construction, LLC which is an Alaska company.  Plaintiff's claim alleges that Colony breached an Alaska insurance policy that covered a construction claim arising from a Cordova, Alaska project it contracted with the City of Cordova, Alaska.  The alleged claims don't involve any Washington parties, Washington acts or Washington law.

COLONY'S RULE 12(b)(2)-(3) MOTION
TO DISMISS OR IN THE ALTERNATIVE     - 1 -
TRANSFER - NO. 2:15-cv-00703-MJP

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

Motion to Dismiss.docx/052915 1724/9998-0177    Case 3:15-cv-00137-TMB   Document 10   Filed 05/29/15   Page 1 of 10

Accordingly, Colony seeks dismissal of this action, or, in the alternative, a transfer of the case to Alaska, the proper venue.

## II. FACTUAL BACKGROUND[1]

### A. The Plaintiff Dokoozian Corporation

Dokoozian Construction, LLC ("Dokoozian") is an Alaska company that is incorporated in Alaska and its principal place of business lies in Anchorage, Alaska.[2] Dokoozian is owned by another company — Alaska Mechanical, Inc.[3] The 2015 Biennial Report to the State of Alaska provides that Alaska Mechanical is owned by three individuals: Larry Buss, Darren Buss and Kurt Imig.[4] All three owners list Anchorage, Alaska as their physical address.[5] Thus, the plaintiff, its owners and operators are all Alaskans.

### B. Plaintiff's Complaint

The complaint provides that in August 2010 the City of Cordova and Dokoozian entered into a written agreement in which Dokoozian would serve as the general contractor for construction of a community center in Cordova, Alaska.[6] The town of Cordova, Alaska is located on the southeast portion of Prince William Sound and is not accessible via any road or highway.[7] Travel to Cordova, Alaska requires transportation via an airplane or boat.[8] Primarily, it is a fishing town, located near the Copper River, its fishermen supply the Northwest with the infamous Copper River Kings.

---

[1] The facts upon which this motion is based are established by the Exhibits to the Declaration of William H. Ingaldson in Support of Defendant Colony's Rule 12(b)(2)-(3) Motion To Dismiss For Lack Of Personal Jurisdiction And Improper Venue Or In The Alternative Transfer To The Proper Venue District.
[2] **Exhibit A**, Complaint, ¶ 1; **Exhibit B**, State of Alaska Corporations Web Data on Dokoozian.
[3] **Exhibit A**, ¶ 1.
[4] **Exhibit C**, Alaska Mechanical, Inc. 2015 Biennial Report to the State of Alaska.
[5] *Id*.
[6] **Exhibit A**, ¶ 11.
[7] See http://www.cordovaalaska.com/gettinghere.htm
[8] *Id*.

COLONY'S RULE 12(b)(2)-(3) MOTION
TO DISMISS OR IN THE ALTERNATIVE - 2 -
TRANSFER - NO. 2:15-cv-00703-MJP

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

In September 2012, after a rain storm, the newly constructed community center evidenced leaking windows, cracks in the sealant line, corrosion and other property damage.[9] The City of Cordova blamed Dokoozian for the problems.[10] Dokoozian spent the first part of 2013 trying to cure the problems, but was unsuccessful.[11] In March 2014, Dokoozian filed a demand for arbitration, and three months later the City of Cordova responded by filing a lawsuit in Cordova, Alaska against Dokoozian.[12]

The City of Cordova's lawsuit alleged that "Dokoozian violated Alaska's Unfair Trade Practices and Consumer Protection Act."[13] The lawsuit was ultimately joined with the arbitration matter, and in November 2014 the disputes were resolved when the City of Cordova accepted Dokoozian's offer of judgment for $3,250,000.[14]

On May 4, 2015, Dokoozian filed this lawsuit. Paragraph three explicitly acknowledges that Colony is a Virginia corporation.[15] It alleges Colony breached its duties under a policy issued March 2014 and demands that it be reimbursed for its pre-policy 2013 cure expenses, defense expenses and the "value of the claims against the City that Dokoozian gave up to settle claims against Dokoozian that were covered by [Colony's] policy."[16]

**C.  The Colony Policy**

Colony issued the policy to Dokoozian, with additional coverage provided to Alaska Mechanical, Inc., with an effective date of March 1, 2014 through March 1, 2016.[17] The policy provides Contractors Pollution Liability coverage, along with Errors and Omissions coverage.[18]

---

[9] **Exhibit A**, ¶ 15.
[10] *Id*. at ¶ 16.
[11] *Id*. at ¶ 17.
[12] **Exhibit A**, ¶¶ 19-21.
[13] *Id*. at ¶ 22.
[14] *Id*. at ¶¶ 22-24.
[15] *Id*. at ¶ 3.
[16] **Exhibit A**, ¶¶ 30-34.
[17] **Exhibit D**, Colony Policy, p. 1.
[18] *Id*.

COLONY'S RULE 12(b)(2)-(3) MOTION
TO DISMISS OR IN THE ALTERNATIVE    - 3 -
TRANSFER - NO. 2:15-cv-00703-MJP

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

It does not provide Commercial General Liability.[19] The broker for the policy was Worldwide Facilities, Inc. based in Los Angeles, California.[20]

The policy includes an Alaska Endorsement for Alaska Civil Rule 82.[21] This civil rule is unique in that it awards a prevailing party a portion of their actual reasonable attorney's fees.[22] Under this rule, prevailing defendants in state court, and the District of Alaska, can recover thirty percent or more of the attorneys' fees they incurred in defending against an action.[23] The issued policy explicitly excludes from coverage, including both the duty to defend and indemnify, claims that first occurred or began prior to the effective date of the policy.[24]

### III. DISCUSSION

The discussion below establishes that Colony is not subject to personal jurisdiction for Alaska claims as Colony is not "at home" in the State of Washington so the Due Process Clause defeats plaintiff's assertion of personal jurisdiction. Similarly, venue is improper because the cause of action did not arise in the State of Washington and personal jurisdiction is lacking over the defendant Colony Insurance. Each of these topics are addressed below.

**A. Personal Jurisdiction Standard**

Jurisdiction is a threshold issue. This requires courts to address jurisdiction challenges before considering the merits of a case.[25] When a court determines that it lacks personal jurisdiction over a defendant then the action must be dismissed.[26] In evaluating a defendant's jurisdictional contacts, a district court accepts uncontroverted allegations in the complaint as

---

[19] *Id.* at 1-2.
[20] *Id.* at 1.
[21] *Id.* at 6.
[22] Ak. R. Civ .P. 82.
[23] D. Ak. Local Rule 54.3; Ak. R. Civ. P. 82
[24] **Exhibit D**, p. 39.
[25] *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998).
[26] FED. R. CIV. P. 12(b)(2).

COLONY'S RULE 12(b)(2)-(3) MOTION
TO DISMISS OR IN THE ALTERNATIVE     - 4 -
TRANSFER - NO. 2:15-cv-00703-MJP

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

Motion to Dismiss.docx/052915 1724/9998-0177

Case 3:15-cv-00137-TMB   Document 10   Filed 05/29/15   Page 4 of 10

true.[27] However, plaintiff has the burden of demonstrating that the court may exercise personal jurisdiction over the defendant.[28]

Pursuant to FED. R. CIV. P. 4(k)(1)(A), federal courts ordinarily follow state law when determining the extent to which they can exercise jurisdiction over a person.[29] The State of Washington has a long-arm statute that was drafted with the intent to assert personal jurisdiction over a foreign entity to the full extent permitted by due process.[30] Therefore, to determine whether personal jurisdiction exists over Colony, the court need only determine if the exercise of such jurisdiction would comport with federal constitutional requirements.[31]

"[D]ue process requires only that in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"[32] Under this rule, personal jurisdiction can be via two different categories--general or specific. "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State."[33] Specific jurisdiction, on the other hand, "focuses on the relationship among the defendant, the forum, and the litigation" and exists when "the defendant's suit-related conduct [creates] a substantial connection with the forum State."[34]

---

[27] *Menken v. Emin*, 503 F.3d 1050, 1056 (9th Cir. 2007).
[28] *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 741 (9th Cir. 2013).
[29] *Daimler AG v. Bauman*, ---U.S.---, 134 S. Ct. 746, 753 (2014).
[30] *Byron Nelson Co. v. Orchard Mgmt. Corp.*, 975 P.2d 555 (Wash. App. 1999).
[31] *Easter v. Am. W. Fin.*, 381 F.3d 948, 960 (9th Cir. 2004).
[32] *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).
[33] *Goodyear Dunlop Tires Operations, S.A. v. Brown*, --- U.S. ---, 131 S. Ct. 2846, 2851 (2011) (quoting *Int'l Shoe*, 326 U.S. at 317).
[34] *Walden v. Fiore*, --- U.S. ---, 134 S. Ct. 1115, 1121 (2014) (internal quotation marks and citations omitted).

COLONY'S RULE 12(b)(2)-(3) MOTION
TO DISMISS OR IN THE ALTERNATIVE     - 5 -
TRANSFER - NO. 2:15-cv-00703-MJP

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

Motion to Dismiss.docx/052915 1724/9998-0177

Case 3:15-cv-00137-TMB   Document 10   Filed 05/29/15   Page 5 of 10

1.  **General jurisdiction**

General jurisdiction exists over a defendant where it engages in "continuous and systematic general business contacts" in the forum.[35] This type of jurisdiction requires a much more substantial connection to the forum than specific jurisdiction.[36] A court considers all of the defendant's activities that impact the state, including whether the defendant makes sales, solicits or engages in business, serves the state's market, designates an agent for service of process, holds a license, has employees, or is incorporated here."[37] It is extremely rare for federal courts to find general jurisdiction because the standard is very high. General jurisdiction can be found "only when the corporation's affiliations with the State in which suit is brought are so constant and pervasive 'as to render [it] essentially at home in the forum State.'"[38]

Colony Insurance Company is not "at home" in the State of Washington. As plaintiff recognized in its complaint, Colony is incorporated in a different state, and has its principal place of business in a different state.[39] The Supreme Court recently made it clear that the type of contacts that will make a corporation subject to jurisdiction for all purposes are, for both practical and fairness reasons, generally limited to the place of incorporation and principal place of business. "Those affiliations have the virtue of being unique—that is, each ordinarily indicates only one place—as well as easily ascertainable. These bases afford plaintiffs recourse to a least one clear and certain forum in which a corporate defendant may be sued on any and all claims."[40]

Plaintiff's complaint fails to assert any facts that even suggest the State of Washington is akin to Colony's "home" state. The policy was issued to cover Alaska risks, deals with Alaska

---

[35] *Helicopeteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 416 (1984).
[36] *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1985).
[37] *Hirsch v. Blue Cross, Blue Shield of Mississippi*, 800 F.2d 1474, 1478 (9th Cir. 1986).
[38] *Daimler AG v. Bauman*, --- U.S. ---, 134 S .Ct. 746, 751 (2014) (quoting *Goodyear Dunlop*, 131 S. Ct. at 2851).
[39] The Complaint alleges Colony's principal place of business is in Texas. In fact, it is in Virginia.
[40] *Daimler*, 134 S. Ct. at 760.

COLONY'S RULE 12(b)(2)-(3) MOTION
TO DISMISS OR IN THE ALTERNATIVE - 6 -
TRANSFER - NO. 2:15-cv-00703-MJP

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

law, and covers an Alaskan corporation that claims it is entitled to coverage for an improper construction claim involving a building in Cordova, Alaska. The only argument Dokoozian can present is to claim that Colony was once an active insurer in the State of Washington. This argument fails, however, because it does not equate with a state being equivalent to a corporation's home.

In *United States ex. rel. Imco General Const., Inc. v. Insurance Co. of Pennsylvania*, Judge Lasnik rejected a similar argument. In *Imco General*, the plaintiff sought a bond payment for work performed at a naval base in Guantanamo Bay, Cuba so it sued the Insurance Company of Pennsylvania under the Miller Act.[41] The defendant was incorporated in Pennsylvania and had its principal place of business in New York.[42] Plaintiff argued that general jurisdiction existed in Washington because defendant: (1) was registered to do business in Washington, (2) had been registered since 1909, (3) had 217 Washington insurance sales agents, (4) earned over $53 million in Washington premiums in the last four years and (5) had sued and been sued in the district.[43] The court swiftly dealt with these facts by noting "they do not establish that defendant is 'at home' in Washington."[44] Judge Lasnik recognized that if the sale of insurance policies having nothing to do with a plaintiff's cause of action would be sufficient to allow the exercise of general jurisdiction, then insurers would presumably be subject to suit in every state where a policy was sold to cover a Cuban project.[45] Such "exorbitant exercises of all-purpose jurisdiction" offends the notions of due process. Therefore, Judge Lasnik dismissed the complaint and noted that the lack of personal jurisdiction was also fatal to venue.[46]

---

[41] *U.S. ex.re. Imco General Const., Inc. v. Insurance Co. of Pennsylvania*, 2014 WL 4364854, *1-2 (W.D. Wash. Sept. 3, 2014) (Judge Lasnik).
[42] 2014 WL 436854, *3.
[43] *Id.*
[44] *Id.*
[45] *Id.*
[46] *Id.*

COLONY'S RULE 12(b)(2)-(3) MOTION
TO DISMISS OR IN THE ALTERNATIVE - 7 -
TRANSFER - NO. 2:15-cv-00703-MJP

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

Plaintiff's complaint makes no assertions that the State of Washington is Colony's "home." Thus, because the facts do not support such a finding, general jurisdiction does not exist. A review of specific jurisdiction results in the same conclusion.

### 2. Specific jurisdiction

"In contrast to general, all-purpose jurisdiction, specific jurisdiction is confined to adjudications of issues deriving from, or connected with, the very controversy that establishes jurisdiction."[47] The question is "whether there was 'some act by which the defendant purposefully avail[ed] [itself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'"[48]

A unanimous Supreme Court recently rearticulated the framework for analyzing specific personal jurisdiction.[49] Specific-jurisdiction questions focus "on the relationship among the defendant, the forum and the litigation."[50] "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State."[51]

In this matter, Colony does not have any suit related connection with Washington state. This is because Colony issued a policy to cover an Alaskan business (Dokoozian) that claims Colony should have provided coverage for an Alaska claim brought in Alaska's legal system. Quite simply, there is no allegation that Colony's suit related conduct has anything to do with the state of Washington. Thus, neither specific nor general jurisdiction exists over Colony so the plaintiff's complaint must be dismissed.

## B. Venue Is Improper

Dokoozian alleges that venue is proper in this judicial district "under 28 U.S.C. § 1391(b)(1), (c)(2), and (d) because defendants are subject to the Court's personal jurisdiction to

---

[47] *Goodyear*, 131 S. Ct. at 2851.
[48] *Id* at 2854 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).
[49] *Walden*, 134 S. Ct. at 1121.
[50] *Id*.
[51] *Id*.

COLONY'S RULE 12(b)(2)-(3) MOTION
TO DISMISS OR IN THE ALTERNATIVE    - 8 -
TRANSFER - NO. 2:15-cv-00703-MJP

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

Motion to Dismiss.docx/052915 1724/9998-0177

Case 3:15-cv-00137-TMB   Document 10   Filed 05/29/15   Page 8 of 10

this action."[52] For purposes of this litigation, venue is proper under § 1391 in any judicial district in which "defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(b)(1) and (c)(2). Similarly, § 1391 also requires personal jurisdiction over a corporate defendant. Thus, the personal jurisdiction analysis is also dispositive of the venue issue.[53]

## IV. CONCLUSION

Defendant Colony Insurance Company respectfully requests that the Court dismiss this case as personal jurisdiction is lacking over Colony Insurance because it is not "at home" in the state of Washington and the litigation involves acts, plaintiffs and defendants outside of the forum state. In the alternative, Colony requests that the case be transferred to the District of Alaska where venue is proper, as the claim arose in Alaska, plaintiff is an Alaskan corporation and the claim is governed by Alaska law.

A proposed order is submitted herewith.

DATED this 29th day of May 2015.

BETTS, PATTERSON & MINES, P.S.

By /s Joseph D. Hampton
    Joseph D. Hampton, WSBA #15297
Betts, Patterson & Mines, P.S.
One Convention Place, Suite 1400
701 Pike Street
Seattle WA 98101-3927
Telephone: (206) 292-9988
Facsimile: (206) 343-7053
E-mail: jhampton@bpmlaw.com
Attorneys for Colony Insurance Company

---

[52] **Exhibit A**, ¶ 7.
[53] This approach helps district courts discourage forum shopping. *See Gov't Employees Inc. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998).

COLONY'S RULE 12(b)(2)-(3) MOTION
TO DISMISS OR IN THE ALTERNATIVE - 9 -
TRANSFER - NO. 2:15-cv-00703-MJP

Betts
Patterson
Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

Motion to Dismiss.docx/052915 1724/9998-0177

Case 3:15-cv-00137-TMB   Document 10   Filed 05/29/15   Page 9 of 10

# CERTIFICATE OF SERVICE

I, Joseph D. Hampton, hereby certify that on May 29, 2015, I electronically filed the following:

- **DEFENDANT COLONY'S RULE 12(B)(2)-(3) MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE OR IN THE ALTERNATIVE TRANSFER TO THE PROPER VENUE DISTRICT; and**

- **Certificate of Service.**

with the Court using the CM/ECF system which will send notification of such filing to the following:

| *Counsel for Plaintiff*: | *Counsel for Defendant National Union*: |
|---|---|
| Todd C. Hayes | Jeffrey D. Laveson |
| Susan K. Kaplan | Linda B. Clapham |
| Harper \| Hayes PLLC | Carney Badley Spellman |
| 600 University Street, Suite 2420 | 701 Fifth Avenue, Suite 3600 |
| Seattle, WA 98101-1129 | Seattle, WA 98104-5017 |

DATED this 29th day of May 2015.

                                                BETTS, PATTERSON & MINES P.S.

By  /s Joseph D. Hampton 
   Joseph D. Hampton, WSBA #15297
Betts, Patterson & Mines, P.S.
One Convention Place, Suite 1400
701 Pike Street
Seattle WA 98101-3927
Telephone: (206) 292-9988
Facsimile: (206) 343-7053
E-mail: jhampton@bpmlaw.com
Attorneys for North American Capacity

COLONY'S RULE 12(b)(2)-(3) MOTION TO DISMISS OR IN THE ALTERNATIVE TRANSFER - NO. 2:15-cv-00703-MJP — - 10 -

Betts Patterson Mines
**One Convention Place**
Suite 1400
701 Pike Street
Seattle, Washington 98101-3927
(206) 292-9988

Motion to Dismiss.docx/052915 1724/9998-0177

Case 3:15-cv-00137-TMB  Document 10  Filed 05/29/15  Page 10 of 10