Paul R. Cressman, AK. Bar No. 0607046
Ahlers & Cressman PLLC
999 Third Avenue, Suite 3800
Seattle, Washington  98104
**Telephone**:	206-389-8243
**Facsimile**:	206-287-9902
**Email**:	pcressman@ac-lawyers.com

Todd C. Hayes, *Pro Hac Vice*
Charles K. Davis, *Pro Hac Vice*
Harper | Hayes PLLC
600 University Street, Suite 2420
Seattle, Washington  98101
**Telephone**:	206-340-8010
**Facsimile**:	206-260-2852
**Email**:	todd@harperhayes.com
	cdavis@harperhayes.com

Attorneys for Plaintiff Dokoozian Construction, LLC

## UNITED STATES DISTRICT COURT
## DISTRICT OF ALASKA

| | |
|---|---|
| DOKOOZIAN CONSTRUCTION, LLC, an Alaska corporation,<br><br>       Plaintiff,<br><br>    v.<br><br>EXECUTIVE RISK SPECIALTY INSURANCE COMPANY, a foreign insurance company; COLONY INSURANCE COMPANY, a foreign insurance company; and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a foreign insurance company,<br><br>       Defendants. | Case No. 3:15-cv-00137-TMB<br><br>FIRST AMENDED COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF<br><br>**JURY DEMANDED** |

FIRST AMENDED COMPLAINT FOR
DAMAGES AND DECLARATORY RELIEF - 1

**Case No. 3:15-cv-00137-TMB**
Dokoozian v. Executive Risk, et al.

## I. PARTIES

1. Plaintiff Dokoozian Construction, LLC ("Dokoozian") is an Alaska limited liability company. Its sole member is Alaska Mechanical, Inc. Alaska Mechanical, Inc. is a corporation organized under the laws of Alaska with its principal place of business in Alaska.

2. On information and belief, Defendant Executive Risk Specialty Insurance Company ("Executive Risk") is a corporation formed under the laws of Connecticut and having its principal place of business in New Jersey.

3. On information and belief, Defendant Colony Insurance Company ("Colony") is a corporation formed under the laws of Virginia and having its principal place of business in Texas.

4. On information and belief, Defendant National Union Fire Insurance Company of Pittsburgh, PA ("NUFIC") is a corporation formed under the laws of Pennsylvania and having its principal place of business in New York.

## II. JURISDICTION AND VENUE

5. This Court has personal jurisdiction over Defendants under Alaska's Long Arm Statute, AS 09.05.015, because they transact business within Alaska and sell policies insuring risks in Alaska, including the policies at issue in this case.

6. Subject matter jurisdiction is proper under 28 U.S.C. § 1332(a)(1) because all Defendants are citizens of states other than the state where Plaintiff is a citizen, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

FIRST AMENDED COMPLAINT FOR
DAMAGES AND DECLARATORY RELIEF - 2

**Case No. 3:15-cv-00137-TMB**
Dokoozian v. Executive Risk, et al.

Case 3:15-cv-00137-TMB   Document 132   Filed 04/14/16   Page 2 of 9

7. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c)(2), and (d) because Defendants transact business in this judicial district and therefore reside here; the events giving rise to this lawsuit occurred in this judicial district; and Defendants are subject to the Court's personal jurisdiction with respect to this action.

### III. FACTS

8. Executive Risk issued Dokoozian a liability insurance policy under policy number 8207-2663 with a March 1, 2014 to March 1, 2015 policy period.

9. Colony issued Dokoozian a liability policy under policy number PKC300037 with a March 1, 2014 to March 1, 2016 policy period.

10. NUFIC issued Dokoozian one or more liability insurance policies, including policy number GL 244-96-38 with a March 1, 2012 to March 1, 2013 policy period.

11. In August 2010, the City of Cordova and Dokoozian entered into a written agreement for Dokoozian to serve as a general contractor for "Phase I" of a community center in Cordova, Alaska ("the Project").

12. The Project called for Dokoozian to perform site work and to construct the foundations, superstructure, and "primary building enclosure" for the community center; the City planned a "Phase II" to add electrical and mechanical systems and interior build-out.

13. Dokoozian commenced work in September 2010.

14. Dokoozian hired subcontractors to perform much of the work, including installation of the building's windows. Dokoozian retained RAB Energy Alaska, Inc. d/b/a

FIRST AMENDED COMPLAINT FOR
DAMAGES AND DECLARATORY RELIEF - 3

**Case No. 3:15-cv-00137-TMB**
Dokoozian v. Executive Risk, et al.

Capitol Glass to provide and install the curtain wall and store front windows and to provide the vinyl windows.

15. In late September 2012, following a severe rainstorm, the City began to complain about leaking windows, which the City claimed resulted in "cracks at the rigid sealant line," corrosion, and other property damage.

16. The City further claimed that Dokoozian was responsible for failing to properly manage the Project's construction.

17. Although Dokoozian disputed that it was at fault, Dokoozian worked with the City throughout the Spring and Summer of 2013 to attempt to correct the issues that the City complained about. In total, Dokoozian spent approximately $727,678 on this work.

18. Ultimately, the City and Dokoozian could not resolve the City's complaints and, on October 28, 2013, the City ordered Dokoozian to stop all repair work.

19. In March 2014, Dokoozian filed a demand for arbitration.

20. In April 2014, the City filed a counterclaim in Dokoozian's arbitration, requesting $1,500,000 in damages, plus attorney's fees, interest, and arbitration costs.

21. In July 2014, the City filed a lawsuit against Dokoozian in Alaska state court under case number 3CO-14-13Cl.

22. The City's Alaska lawsuit alleged that Dokoozian violated Alaska's Unfair Trade Practices and Consumer Protection Act ("UTPCPA") by originally asserting a claim

FIRST AMENDED COMPLAINT FOR
DAMAGES AND DECLARATORY RELIEF - 4

**Case No. 3:15-cv-00137-TMB**
Dokoozian v. Executive Risk, et al.

against the City for several million dollars more than what Dokoozian demanded in the arbitration. The City sought damages in excess of $12 million.

23. Dokoozian successfully moved to compel arbitration, and the City's UTPCPA claim was added to the City's other counterclaims in the arbitration.

24. Dokoozian notified Defendants of the City's claims and requested, among other things, that Defendants pay for and reimburse Dokoozian's defense costs.

25. In November of 2014, Dokoozian and the City of Cordova participated in mediation. Soon after the mediation, Dokoozian served an offer of judgment on the City in the amount of $3,250,000, which the City accepted.

26. Executive Risk agreed to "accept coverage" and to pay certain of Dokoozian's defense costs.

27. Colony agreed it had a duty to defend Dokoozian.

28. NUFIC never responded as to whether it had a duty to defend Dokoozian.

29. Although Executive Risk paid a portion of Dokoozian's defense costs, a substantial amount of Dokoozian's defense costs remain unpaid or unreimbursed.

30. On February 9, 2015, Dokoozian wrote a letter to Executive Risk, Colony, and NUFIC requesting that they reimburse Dokoozian for its unpaid defense costs, for the $727,678 that Dokoozian spent to attempt to correct the issues that the City complained about, and for the value of the claims against the City that Dokoozian gave up to settle claims against Dokoozian that were covered by Defendants' policies.

FIRST AMENDED COMPLAINT FOR
DAMAGES AND DECLARATORY RELIEF - 5

**Case No. 3:15-cv-00137-TMB**
Dokoozian v. Executive Risk, et al.

31. Defendants have not agreed to pay any of the amounts addressed in the February 9 letter.

## IV. CAUSES OF ACTION

### COUNT 1
### Declaratory Relief

32. The allegations of the preceding paragraphs are incorporated herein by reference.

33. An actual controversy exists between Plaintiff and Defendants concerning the rights and obligations of the parties under Defendants' policies. Dokoozian is entitled to a declaration regarding these rights and obligations.

### COUNT 2
### Breach of Contract

34. The allegations of the preceding paragraphs are incorporated herein by reference.

35. Executive Risk, Colony, and NUFIC owed contractual duties to defend Dokoozian against the City's claims and to reimburse Dokoozian pursuant to the terms of the policies they issued to Dokoozian.

36. Executive Risk, Colony, and NUFIC breached those duties, proximately causing damage to Dokoozian in an amount to be proven at trial.

### COUNT 3
### Extra-contractual Claims

37. The allegations of the preceding paragraphs are incorporated herein by reference.

FIRST AMENDED COMPLAINT FOR
DAMAGES AND DECLARATORY RELIEF - 6

**Case No. 3:15-cv-00137-TMB**
Dokoozian v. Executive Risk, et al.

38. Executive Risk, Colony, and NUFIC owed Dokoozian common law duties to act in good faith and to act reasonably regarding Dokoozian's claims under their policies.

39. Executive Risk, Colony, and NUFIC breached those duties and acted in bad faith by engaging in unreasonable conduct related to Dokoozian's claims under their policies.

40. Executive Risk's, Colony's, and NUFIC's unreasonable actions proximately caused harm to Dokoozian in an amount to be proven at trial.

41. Executive Risk, Colony, and NUFIC also acted with reckless indifference to the interests of Dokoozian, and those actions were therefore outrageous.

42. Moreover, as a result of their bad faith conduct, Executive Risk, Colony, and NUFIC are estopped from denying coverage.

## V. PRAYER FOR RELIEF

Dokoozian therefore prays for the following relief:

1. Compensatory damages in an amount to be proven at trial;

2. Punitive damages;

3. An order declaring the parties' rights and obligations under Defendants' policies;

4. An award of costs and attorney's fees; and

5. For such other relief as the Court deems just and equitable.

## VI. JURY DEMAND

Dokoozian demands a trial by jury pursuant to FRCP 38.

FIRST AMENDED COMPLAINT FOR
DAMAGES AND DECLARATORY RELIEF - 7

**Case No. 3:15-cv-00137-TMB**
Dokoozian v. Executive Risk, et al.

DATED this 13th day of April 2016.

        HARPER | HAYES PLLC

        By: s/ *Todd C. Hayes*
            Todd C. Hayes, *Pro Hac Vice*

        By: s/ *Charles K. Davis*
            Charles K. Davis, *Pro Hac Vice*
            Attorneys for Plaintiffs

        AHLERS & CRESSMAN PLLC

        By: s/ *Paul R. Cressman*
            Paul R. Cressman, AK Bar No. 0607046
            Attorneys for Plaintiffs

FIRST AMENDED COMPLAINT FOR
DAMAGES AND DECLARATORY RELIEF - 8

**Case No. 3:15-cv-00137-TMB**
Dokoozian v. Executive Risk, et al.

# CERTIFICATE OF SERVICE

I hereby certify that on *Wednesday, April 13, 2016*, I electronically filed this document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following parties and counsel of record:

**Counsel for Executive Risk Specialty Insurance Company**

Timothy M. Lynch
Rebecca J. Hozubin
Hozubin, Moberly, Lynch & Associates
711 M Street, Suite 2
Anchorage, Alaska 99501
Tel:       907.276.3222
Fax:      907.278.9498
Email:   tlynch@northlaw.com

Janet R. Davis
Gary L. Gassman
Cozen O'Connor
123 North Wacker Drive, Suite 1800
Chicago, IL 60606
Tel:       312.474.7900
Fax:      312.474.7898
Email:   jrdavis@cozen.com
            ggassman@cozen.com

**Counsel for Defendant National Union Fire Insurance Company of Pittsburgh, Pa**

Jason Kettrick
Jeffrey D. Laveson
Linda B. Clapham
Carney Badley Spellman
701 Fifth Avenue, Suite 3600
Seattle, WA  98104-5017
Tel:     206.622-8020
Fax:    206.467-8215
Email:  kettrick@carneylaw.com
            laveson@carneylaw.com
            clapham@carneylaw.com

**Counsel for Defendant Colony Insurance Company**

Jim M. Boardman
Ingaldson Fitzgerald P.C.
813 W. 3rd Avenue
Anchorage, AK 99501
Tel:       907.258.8750
Fax:      907-258.8751
Email:   jim@impc-law.com

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

DATED *April 13, 2016* in Seattle, Washington.

*/s/ Nicole Plouf*
Nicole Plouf

CERTIFICATE OF SERVICE
**Case No. 3:15-cv-00137-TMB**