IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DOKOOZIAN CONSTRUCTION, LLC, an Alaska corporation,<br><br>       Plaintiff,<br><br>  v.<br><br>EXECUTIVE RISK SPECIALTY INSURANCE COMPANY, a foreign insurance company; COLONY INSURANCE COMPANY, a foreign insurance company; and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a foreign insurance company,<br><br>       Defendants. | Case No. 3:15-cv-00137-TMB<br><br>ORDER RE:<br>DOCKETS 73, 99, and 102 |

  This matter is now before the Court on the following motions: (1) Plaintiff Dokoozian Construction, LLC's ("Dokoozian") Motion for Partial Summary Judgment at docket 73; (2) Defendant Colony Insurance Company's ("Colony") Motion for Rule 56(d) Relief to Stay Plaintiff's Motion for Partial Summary Judgment and Allow Additional Time for Discovery at docket 99; and (3) Defendant Executive Risk Specialty Insurance Company's ("ERSIC") Cross Motion for Partial Summary Judgment at docket 102. The Court assumes the parties' familiarity with the facts of the case, as thus far discovered.

  Dokoozian filed its Motion for Partial Summary Judgment on January 25, 2016, approximately eight months prior to the close of discovery under the initial Scheduling and Planning Order.[1] The motion requests that the Court find as a matter of law that: (1) ERSIC and Colony owed and breached a duty to defend Dokoozian from the City of Cordova's claims arising

---

[1] Dkt. 68 at 2. At the parties' request, the Court recently extended the discovery deadline to April 12, 2017. Dkt. 177.

1

from the construction of the Cordova Community Center (i.e., the underlying dispute); (2) ERSIC and Colony are responsible for whatever liability Dokoozian incurred to the City of Cordova in the underlying dispute; (3) ERSIC's "other insurance" clause did not excuse it from its duty to defend Dokoozian; and (4) ERSIC and Colony are liable for the portion of Dokoozian's claims against the City of Cordova that Dokoozian released as consideration for the release of the City of Cordova's claims against Dokoozian.[2] In their oppositions, ERSIC and Colony both argue that Dokoozian's motion was brought before they had the opportunity to conduct meaningful discovery.[3]

While the Court understands that Dokoozian's summary judgment motion generally seeks clarifications of the law as it applies to this case, the Court suspects that there may be facts that are learned during the course of discovery that could render such clarifications unnecessary, or at least more pointed.[4] Accordingly, Dokoozian's Motion for Partial Summary Judgment at docket 73 and ERSIC's Cross Motion for Partial Summary Judgment at docket 102 are **DENIED WITHOUT PREJUDICE**. Colony's Motion for Rule 56(d) Relief to Stay Plaintiff's Motion for Partial Summary Judgment and Allow Additional Time for Discovery at docket 99 is **FOUND MOOT**.

IT IS SO ORDERED.

Dated at Anchorage, Alaska, this 20th day of September, 2016.

/s/ Timothy M. Burgess

---

[2] Dkt. 73 at 2–3.

[3] *See, e.g.*, Dkt. 108 at 3 n.1; Dkt. 104 at 2; *see also* Dkt. 99.

[4] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986) (providing that "summary judgment be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition"); *Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003) (similar); *see also* Fed. R. Civ. P. 56(d)–(e).

TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE